UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIRON ELIAS,<br><br>    Plaintiff,<br><br>    v.<br><br>RC JOHNSON, et al.,<br><br>    Defendants. | Case No. 2:20-cv-07171-MWF-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I. BACKGROUND AND SUMMARY

On August 10, 2020, Plaintiff Keiron M. Elias – who is in custody, is proceeding *pro se*, and was subsequently granted leave to proceed without prepayment of filing fees – filed a document which this Court construed to be a Civil Rights Complaint under 42 U.S.C. § 1983 ("Section 1983") against multiple California officials, claiming that overcrowding and other conditions had placed inmates such as Plaintiff at an unreasonable risk of contracting the COVID-19 virus, in violation of Plaintiff's constitutional rights. (Docket Nos. 1, 4).[1] Plaintiff sought an emergency release order, $50 million in damages in the event that she

---

[1] Plaintiff allegedly identifies as a transgender woman and generally uses female pronouns to refer to herself, so the Court does so as well.

contracted COVID-19 while in prison, and $100 million in damages if she died as a result.  (Docket No. 1).

On November 23, 2021, this Court issued an Order ("November 2021 Order") denying Plaintiff's request for an emergency release order and screening the Original Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A, and 42 U.S.C. § 1997e(c).  (Docket No. 5).  More specifically, the November 2021 Order advised Plaintiff that the Original Complaint was deficient for reasons described therein,[2] dismissed the Original Complaint with leave to amend, and directed Plaintiff, within twenty days, to file one of the following:  (1) a First Amended Complaint which cured the pleading defects described in the November 2021 Order; (2) a Notice of Dismissal; or (3) a Notice of Intent to Stand on the Original Complaint.  (Docket No. 5 at 6-13).  Plaintiff thereafter sought, and was granted multiple extensions of time to comply with the November 2021 Order. (Docket Nos. 6-12).

On March 11, 2022, Plaintiff filed a First Amended Complaint pursuant to Section 1983 against multiple California officials, claiming that Defendants had violated her constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments by causing a variety of harmful conditions in California prisons over the past thirty years, including conditions which posed an increased risk of inmate exposure to serious illnesses such as the COVID-19 virus.  (Docket No. 13). Plaintiff sought her release from custody as well as damages and other relief. (Docket No. 13 at 31-32).

On June 6, 2022, the Magistrate Judge issued an Order ("June 2022 Order") screening the First Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B),

---

[2]Specifically, this Court advised Plaintiff, albeit in greater detail and with citation to authorities, that the Original Complaint, among other things, failed plausibly to allege a constitutional violation and failed to state a claim for relief.

1915A, and 42 U.S.C. § 1997e(c). (Docket No. 14).[3] More specifically, the June 2022 Order advised Plaintiff that the First Amended Complaint was deficient for reasons described therein,[4] dismissed the First Amended Complaint with leave to amend, and directed Plaintiff, within twenty days, to file one of the following: (1) a Second Amended Complaint which cured the pleading defects described in the June 2022 Order; (2) a Notice of Dismissal; or (3) a Notice of Intent to Stand on the First Amended Complaint. (Docket No. 14 at 12-30).

Plaintiff thereafter sought and was granted multiple extensions of the deadline to comply with the June 2022 Order. (Docket Nos. 15-22, 25-26). This

---

[3] Absent consent by all parties, including unserved defendants, a magistrate judge cannot issue dispositive orders, including an order dismissing a claim. Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019); see also Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017) ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. § 636(b)(1)(A)-(B). However, "the dismissal of a complaint with leave to amend is a non-dispositive matter." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Accordingly, a magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See id. at 797. Additionally, a plaintiff who disagrees with a magistrate judge's order, including a nondispositive order dismissing a pleading with leave to amend, may file an objection with the district judge. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.") (quoting McKeever, 932 F.2d at 798). The June 2022 Order expressly notified Plaintiff that (1) the June 2022 Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the June 2022 Order if such party did not seek review thereof or object thereto. (June 2022 Order at 29 n.16). Plaintiff did not seek review of, or file any objection to the June 2022 Order.

[4] Specifically, the Magistrate Judge advised Plaintiff, albeit in greater detail and with citation to authorities, that the First Amended Complaint was deficient because, among other things, it violated Rules 8 and 10(b) of the Federal Rules of Civil Procedure and failed to state a claim for violation of the First Amendment, the Fifth Amendment, the Eighth Amendment, and the Fourteenth Amendment.

1  action was stayed between November 9, 2023 and June 18, 2024.  (Docket Nos. 27,
2  33).  On June 18, 2024, the Court lifted the stay and directed Plaintiff to comply
3  with the June 2022 Order by July 18, 2024.  (Docket No. 33).  Plaintiff sought and
4  was granted another extension of time until September 16, 2024 to comply with the
5  June 22 Order.  (Docket Nos. 34-35, 37).

6  On September 20, 2024, Plaintiff filed a Second Amended Complaint against
7  (1) R.C. Johnson, former warden of California State Prison, Los Angeles County
8  ("CSP-LAC"); (2) Kathleen Allison, former Secretary of the California Department
9  of Corrections and Rehabilitation ("CDCR"); (3) the CDCR; and (4) Sergeant
10 Hernandez, a prison correctional officer.  (Docket No. 39).  Plaintiff claimed that
11 Defendants violated her religious rights under the First Amendment and the
12 Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 114
13 Stat. 803, 42 U.S.C. § 2000cc et seq., by failing to provide her with her religious
14 sacraments of "wine and gonja," a laptop computer, and overnight conjugal visits,
15 among other accommodations; as well as her First Amendment right to be free from
16 retaliation and her Eighth Amendment right to be free from deliberate indifference
17 to serious medical harm by trying to force Plaintiff to submit to a medical
18 examination during her hunger strike and by generally depriving inmates of
19 adequate programming to improve mental health.  (Docket No. 39 at 6-24).  She
20 sought $55 million in damages and an injunction for Defendants to provide her
21 with a laptop and her religious sacraments.  (Docket No. 39 at 24-25).

22 On May 29, 2025, the Magistrate Judge issued an Order ("May 2025 Order")
23 screening the Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B),
24 1915A, and 42 U.S.C. § 1997e(c).  (Docket No. 51).[5]  More specifically, the May

---

[5] See supra note 3.  The May 2025 Order expressly notified Plaintiff that (1) the May 2025 Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within
(continued...)

4

2025 Order advised Plaintiff that the Second Amended Complaint was deficient for reasons described therein,[6] dismissed the Second Amended Complaint with leave to amend, and directed Plaintiff, within twenty days, to file one of the following: (1) a Third Amended Complaint which cured the pleading defects described in the May 2025 Order; (2) a Notice of Dismissal; or (3) a Notice of Intent to Stand on the Second Amended Complaint. (Docket No. 51 at 12-28). The May 2025 Order also expressly cautioned Plaintiff – in bold-faced print – that Plaintiff's failure timely to file a Third Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on Second Amended Complaint by the foregoing deadline may be deemed Plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth in the May 2025 Order, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with the May 2025 Order. (Docket No. 51 at 29).

The Magistrate Judge thereafter extended Plaintiff's deadline to comply with the May 2025 Order to September 30, 2025. (Docket Nos. 53-58). On September 16, 2025, Plaintiff signed a "Notice of Delay to Respond to Court Order(s)" – which was formally filed on September 23, 2025 – claiming that she had been

---

[5](...continued)
fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the May 2025 Order if such party did not seek review thereof or object thereto. (May 2025 Order at 28 n.12). Plaintiff did not seek review of, or file any objection to the May 2025 Order.

[6]Specifically, the Magistrate Judge advised Plaintiff, albeit in greater detail and with citation to authorities, that the Second Amended Complaint, among other things, violated Rule 8 of the Federal Rules of Civil Procedure, failed to state a claim for violation of Plaintiff's religious rights under the First Amendment or RLUIPA, failed to state a First Amendment retaliation claim and failed to state an Eighth Amendment claim, and that Plaintiff's claims against the CDCR were barred by the Eleventh Amendment.

delayed for a variety of reasons and indicating that she would file a response no later than September 23 or 24, 2025. (Docket No. 59). Plaintiff has not since communicated with the Court in this action.

As the foregoing history reflects and notwithstanding the Court's extraordinary patience, to date – more than two months after Plaintiff's extended deadline to do so – Plaintiff has not complied with the May 2025 Order. More specifically, she has failed to file a Third Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on Second Amended Complaint.

As discussed below, this action is dismissed due to Plaintiff's unreasonable failure to prosecute and her failure to comply with the Court's May 2025 Order.

## II. PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to

1  prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).
2  Dismissal is appropriate under the foregoing analysis "where at least four factors
3  support dismissal . . . or where at least three factors 'strongly' support dismissal."
4  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations
5  omitted).
6       Where a plaintiff is proceeding *pro se*, however, the court must first notify
7  the plaintiff of the deficiencies in the complaint so that the plaintiff has an
8  opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). In
9  addition, where a Magistrate Judge originally dismissed the complaint with leave to
10 amend, the District Judge must review that decision before dismissing the entire
11 action. See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss
12 complaints with leave to amend, the district court necessarily must review that
13 decision before dismissing the entire action."). A District Judge may not dismiss
14 an action for failure to comply with a court order or for unreasonable failure to
15 prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v.
16 California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

17 **III.  DISCUSSION AND ORDER**

18      First, this Court itself issued the November 2021 Order dismissing the
19 Original Complaint and has reviewed the June 2022 Order dismissing the First
20 Amended Complaint, and the May 2025 Order dismissing the Second Amended
21 Complaint, and finds that such orders adequately and properly notified Plaintiff of
22 the deficiencies in the Original Complaint, the First Amended Complaint, and the
23 Second Amended Complaint and afforded Plaintiff an opportunity to amend
24 effectively. This Court agrees with and adopts the June 2022 Order, and the May
25 2025 Order and finds that this Court properly dismissed Plaintiff's Original
26 Complaint and that the Magistrate Judge properly dismissed the First Amended
27 Complaint, and the Second Amended Complaint with leave to amend for the
28 ///

reasons discussed in the November 2021 Order, the June 2022 Order, and the May 2025 Order.

Second, dismissal is appropriate based upon Plaintiff's failure to comply with the May 2025 Order and the failure to prosecute. The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to the Defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal. As noted above, Plaintiff has been notified of the deficiencies in the Second Amended Complaint and has been given ample opportunity to amend it, to dismiss it, or to notify the Court that she wishes to stand thereon. She has done none of those things. See Edwards, 356 F.3d at 1065. The third factor, risk of prejudice to the Defendants, also weighs strongly in favor of dismissal. See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. As for the fifth factor, since Plaintiff has already been cautioned of the consequences of her failure to prosecute and her failure to comply with the May 2025 Order by the deadline to do so, and has been afforded ample opportunity to avoid such consequences but has not timely responded, no sanction lesser than dismissal is feasible. See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

///

///

///

1    IT IS THEREFORE ORDERED that this action is dismissed based upon Plaintiff's unreasonable failure to prosecute and her failure to comply with the May 2025 Order.

    IT IS SO ORDERED.

DATED: December 22, 2025

_____
MICHAEL W. FITZGERALD
United States District Judge